UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
HENRY AGUASVIVAS, individually and on behalf
of others similarly situated,

         Plaintiff,

-against-

LUCAS BUILDING COMPANY, L.L.C., KAUFMAN
REALTY CORPORATION, and CHARLES REID,
JR.

         Defendants.
------------------------------------------------- X

COLLECTIVE AND CLASS ACTION COMPLAINT

Case No.:

Plaintiff, **HENRY AGUASVIVAS**, individually and on behalf of others similarly situated, by his attorneys, Tejash V. Sanchala, Esq. PLLC and Serrins Fisher LLP as and for his Complaint alleges the following:

## PRELIMINARY STATEMENT

Plaintiff formerly worked as a Superintendent for Defendants for over 25 years at two separate commercial buildings: 9 West Prospect Avenue, Mount Vernon, New York 10550 (hereinafter "9 West Prospect") and 10 Fiske Place, Mount Vernon, New York 10550 (hereinafter "10 Fiske Place"). Plaintiff worked diligently for at least 6 days a week, while Defendants' buildings were opened, to provide excellent service to approximately 68 commercial tenants between 2005 and 2015. Until on or about February 19, 2010, Defendants properly paid Plaintiff for his work as a Superintendent on an hourly basis and paid him overtime as required. However, on or about February 19, 2010, Defendants unilaterally changed Plaintiff from an hourly to a salaried employee, and denied him any overtime pay. Yet, Plaintiff's duties remained the same, he was

responsible for performing light repairs and maintenance duties, including but not limited to changing light bulbs and repairing bathroom fixtures as required, monitoring and coordinating outside repairpersons, monitoring the oil and furnace to ensure it is in good working order. Accordingly, whereas prior to February 19, 2010, Plaintiff was earning more than $70,000 per annum for working between at least 58-62 hours per week, he was now earning approximately $41,600 per annum for the same amount and type of work. Based on the foregoing, Defendants' pay practices regularly violated the federal and state labor laws, which were created to protect Plaintiff. Defendants took advantage of Plaintiff's dependence and failed to adhere to the most basic tenets of the labor law by failing to pay Plaintiff for time worked. In fact, although still undetermined, upon information and belief, Defendants owe Plaintiff over $132,000 in unpaid overtime. Next, Defendants failed to provide Plaintiff with wage statements sufficient to comply with its record-keeping obligations as required by state law.

Accordingly, Plaintiff brings this action against Defendants on behalf of himself and similarly situated current and former, non-exempt, employees of Defendants seeking, *inter alia*, damages for violations of overtime wage provisions of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*), the New York Labor Law §§ 190 *et seq.* and §§ 650 *et seq.* and the New York Codes, Rules, and Regulations (12 NYCRR) Title 12 § 142 and allege, upon knowledge with respect to his own acts and upon information and belief with respect to all other matters, allege as follows:

## NATURE OF ACTION

1. Plaintiff brings this action to remedy violations of the Fair Labor Standards Act, as amended 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff seeks unpaid overtime wages, liquidated

damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief pursuant to 29 U.S.C. §§216, and other applicable federal law.

2.   Plaintiff also brings this action to remedy violations of the New York State Labor Law §§ 190 *et seq.*, and §§ 650 *et seq.* ("NYLL") and the New York Codes, Rules, and Regulations (12 NYCRR) Title 12 § 142.  Plaintiff seeks unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief pursuant to NYLL §§ 198, 663, and New York State common law.

## JURISDICTION AND VENUE

3.   Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

4.   Jurisdiction of this Court over Plaintiff's state law claims is invoked pursuant to NYLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that the state law claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.   Venue is proper in this District pursuant to 28 U.S.C. § 139(b)(1) because the Defendant Lucas Building Company, L.L.C.'s (hereinafter "Lucas") and Kaufman Realty Corporation's ("Kaufman") primary place of business is in this District and because the New York Department of State website indicates that Defendants Lucas Building Company, L.L.C. and Kaufman Realty Corporation (hereinafter "Kaufman") should be served process care of George S. Kaufman, at his address in Manhattan, New York.

6.   Venue is also proper within this District pursuant to 28 U.S.C. §1391(b)(1) because Defendant Charles Reid, Jr. is the Director of Operations and Maintenance Department of Defendant Kaufman with a primary work address in Manhattan, New York.

7. Venue is further proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

8. Plaintiff Henry Aguasvivas resides in Westchester County, New York.

9. Plaintiff Henry Aguasvivas was employed as a Superintendent of two commercial buildings owned by Defendants, located at 9 West Prospect Avenue, Mount Vernon, New York 10550 (hereinafter "9 West Prospect") and 10 Fiske Place (hereinafter "10 Fiske Place"), Mount Vernon, New York 10550, until his termination on or about November 19, 2015.

10. As a condition of his employment, Plaintiff was required to live on the premises of 10 Fiske Place solely for the benefit of Defendants. Plaintiff was the only resident in this commercial building, which had approximately 53 commercial units and contained over 34,000 square feet of rental space.

11. A written consent form for the Plaintiff is being filed simultaneously with this Complaint.

12. Defendant Lucas is a domestic limited liability company organized under the laws of the state of New York and doing business in New York. Upon information and belief, the New York Department of State website identifies that process should be served on Defendant Lucas care of George S. Kaufman, CEO of Defendant Kaufman at his business address at 450 Seventh Avenue, New York, New York, 10123.

13. Upon information and belief, Lucas owns at least 2 commercial buildings, 9 West Prospect and 10 Fiske Place.

14. Upon information and belief, 9 West Prospect has approximately 34 commercial units for rent and over 32,000 square feet available for commercial use and had approximately 26 tenants occupying approximately 27,087 square feet as of October 2015.

15.     Upon information and belief, Defendants Lucas and Kaufman have the same CEO and both operate and are headquartered from 450 Seventh Avenue, New York, New York and purchased materials, including maintenance and janitorial supplies, which were manufactured outside of New York, and handled material which have either been moved in or produced for interstate commerce.

16.     Defendant Kaufman is a realty management company that manages at least 15 properties in New York in addition to those that Plaintiff worked in. Upon information and belief, Defendant Kaufman provides office leasing, management, and acquisition services for approximately 6 million square feet of property. Defendant Kaufman also provides complete brokerage services, third-party property management, acquisition, advisory and asset management to its clients. Defendant Kaufman purchased materials, including, office furniture, equipment, and supplies, and maintenance and janitorial supplies, which were manufactured outside of New York, and handled material which have either been moved in or produced for interstate commerce.

17.     Defendant Kaufman is a domestic corporation organized under the laws of the state of New York and doing business in New York. Upon information and belief, the New York Department of State website identifies that process should be served care of George S. Kaufman, CEO of Defendant Kaufman at his address at 450 Seventh Avenue, New York, New York, 10123.

18.     Defendant Charles Reid, Jr. ("Reid") is an adult individual who works for Defendant Kaufman as the Director of Operations and Maintenance Department and has a work address of 450 Seventh Avenue, New York, New York, 10123.

19. Upon information and belief, as the Director of Operations and Maintenance, Defendant Reid directly supervised Plaintiff and had decision-making power over the terms and conditions of Plaintiff's employment and his termination at all relevant times.

20. Plaintiff worked for Defendants beginning in 1988 until on or about November 19, 2015 at which point he was terminated.

21. Plaintiff is therefore an "employee" within the meaning of 29 U.S.C. §203(d) and NYLL §§ 190, 651 and Defendants Lucas and Kaufman are therefore an "employer" within the meaning of 29 U.S.C. §203 (d) and NYLL §§ 190, 651.

22. At all relevant times, since 2010 Defendant Reid was a decision-maker with respect to hiring and firing employees and he had control over the personnel decisions and employment practices of Defendants Lucas and Kaufman, and he was responsible for creating and implementing the wage and hour practices complained of herein.

23. Therefore Defendant Reid is an "employer" within the definition of 29 U.S.C. 203(d) and NYLL §§ 190, 651.

24. Defendants employ employees who handle, sell, and otherwise work on goods or material that have been moved in and produced for commerce by any person. Upon information and belief, the products, supplies, and machines used by Plaintiff, and other employees at Defendants have been moved in and produced for interstate commerce.

25. Upon information and belief, Defendants employed over 2 employees. Defendants operations constitute an "enterprise" as defined in 29 U.S.C. § 203(r). The annual gross volume of same made or business done by Defendants' operations, both individually and collectively is in excess of $500,000. Accordingly, Defendants are an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

26. Upon information and belief, at all relevant times, Defendants jointly employed Plaintiff, and Defendants had the power to hire, fire, supervise, and control Plaintiff's work schedule and the terms and conditions of his employment.

27. Upon information and belief, Defendants jointly determined the rate and method of Plaintiff's pay and maintained Plaintiff's employment records.

28. Upon information and belief, each of the Defendants independently and jointly had decision-making authority over Plaintiff's work schedule, pay rate, the terms and conditions of his employment and his termination.

29. Upon information and belief, Defendants share common labor policies and practices.

## FACTUAL ALLEGATIONS

30. Plaintiff began working for Defendants (or their former owners and subsidiaries) as Superintendent in 1988.

31. At all relevant times, Plaintiff worked for Defendants at Defendant Lucas located at 9 West Prospect and 10 Fiske Place.

32. At all relevant times, Plaintiff was the sole resident of 10 Fiske Place and was required to live on the premises of this commercial building as a part of his duties and for the benefit of the Defendants.

33. During all relevant time periods, while Plaintiff was employed by Defendants he performed manual labor tasks, such as open and close the building, change light bulbs, repair flush meters and other bathroom fixtures, schedule maintenance repairs with outside vendors, monitor outside vendors who service the building, identify maintenance required in the building, and hear tenant concerns, convey them to Kaufman, and after obtaining Defendant Kaufman's approval, complete any light repairs.

34. Defendants provided Plaintiff with the materials and supplies that he needed to perform his primary work.

35. In 2010, Plaintiff's work schedule was as follows: Monday, Tuesday and Friday, he worked from 7 a.m. until 6 p.m.; Wednesday and Thursday he worked from 7 a.m. until 8 p.m.; and Saturday he worked from 7 a.m. until 3 p.m.

36. Accordingly, he worked 10 hours per day on Monday, Tuesday, and Friday; 12 hours per day on Wednesday and Thursday; and 8 hours on Saturdays.

37. Plaintiff regularly worked 40 hours a week regular time and 22 hours overtime in 2010.

38. Plaintiff was responsible for emergencies when he was not scheduled to work, including days that he was off. Plaintiff was expected to remain near the building to respond to emergencies, if required.

39. From February 19, 2010 until Plaintiff's termination, Plaintiff's salary was $800.00 received weekly for 40 hours of work, i.e. $20.00 per hour.

40. Between February 19, 2010 and September 2010, Plaintiff regularly worked more than 40 hours per week, and often worked up to 62 hours per week.

41. Upon information and belief, at some point between February 19 and September 2010, Plaintiff's work schedule changed to Monday through Friday 7 a.m. – 6 p.m.; and Saturday 7 a.m. – 3 p.m.

42. Based on his schedule change in September 2010, Plaintiff regularly worked 58 hours per week, 40 hours regular time and 18 hours overtime until his termination.

43. Since February 19, 2010, Plaintiff was not paid any wages at a rate of time and a half for any hours he worked over 40 hours per week.

44.     Based on the foregoing, upon information and belief, Plaintiff is owed overtime compensation at a rate of one and a half time his regular pay rate for each hour he worked over forty (40) hours a week beginning on or about February 19, 2010 until his termination on November 19, 2015.

45.     Upon information and belief, Defendants have known of and/or shown reckless disregard for the pay practice by which Plaintiff was not paid a time and half premium when he worked over forty hours in a week.

46.     Upon information and belief, Defendants have known and/or shown reckless disregard for whether their pay practices violate the FLSA and the NYLL.

47.     As part of their regular business practices, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating notice and record-keeping requirements of the NYLL, including, but not limited to:

      a. Failing to record hours or to establish, maintain, and preserve contemporaneous, true, and accurate payroll records; and

      b. Failing to record hours or to establish, maintain, and preserve, contemporaneous, true records of hours worked daily and/or weekly.

48.     Defendants failed to provide Plaintiff with wage statements that specified, *inter alia*, Plaintiff's regular and overtime rate of pay in violation of NYLL § 195(3).

49.     On or about November 19, 2015, Plaintiff was notified that his employment was being terminated allegedly because of Plaintiff's performance. Specifically, Plaintiff was notified by Defendant Reid that his "services with this organization and [Defendant Lucas] are terminated." Accordingly, upon information and believe, Defendants Lucas and Kaufman also acknowledge that they jointly employed Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

51. Upon information and belief, there are at least 24 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

52. At all relevant times, Plaintiff and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiff stated herein are similar to those of the other employees.

53. In bringing this action, Plaintiff is a representative of, and is acting on behalf of, the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

54. Plaintiff brings this action on behalf of himself and all other non-exempt persons who were or are employed by the Defendants but who did not receive compensation required by the NYLL with respect to their work for the Defendants.

55. Upon information and belief, this class of persons consists of not less than 40 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

56. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

57. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

58. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

59. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

60. Plaintiff brings the second and third claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

## AS AND FOR A FIRST CLAIM

### (Unpaid Overtime Wages – FLSA)

61. Plaintiff repeat and re-alleges each and every allegation contained in paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62. At all relevant times, Defendants have not paid Plaintiff at the statutorily required overtime rate of time and a half for hours worked by Plaintiff in excess of forty hours in a week.

63. Defendants, by the above acts, have violated 29 U.S.C. § 207.

64. Upon information and belief, said violations are willful within the meaning of 29 U.S.C. § 255(a).

## AS FOR A SECOND CAUSE OF ACTION

### (Unpaid Overtime Wages – New York Labor Law)

65. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 64 of the Complaint as though fully set forth herein.

66. At all relevant times, Defendants have not paid Plaintiff at the statutorily required overtime rate of time and one half for hours worked by Plaintiff in excess of forty hours in a week.

67. Defendants, by the above acts, have violated NYLL § 652 and 12 NYCRR § 142-2.2 and Defendants failure to pay Plaintiff overtime wages due to Plaintiff was willful.

68. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §§ 198 and 663.

## AS FOR A THIRD CAUSE OF ACTION

### (Failure to Provide Wage Statements – NYLL)

69. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 68 of the Complaint as though fully set forth herein.

70. Pursuant to NYLL § 195(3) and 12 N.Y.C.R.R. § 142-2.6, Defendants are required to notify Plaintiff of all wages earned.

71. Defendants failed to do so.

72. By failing to provide Plaintiff the notices as required by law, Defendants are liable to the Plaintiff in the amount of one hundred ($100) dollars for each workweek that Defendants failed

to provide each of the Plaintiff with required wage notices, or a total of twenty-five hundred dollars, reasonable attorneys' fees, and costs, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court:

(1) Award Plaintiffs damages and monetary relief, including unpaid overtime compensation, and liquidated damages and interest (including prejudgment interest), pursuant to 29 U.S.C. §216(b) and NYLL §§ 198 and 663, in an amount to be determined at trial;

(2) Statutory penalties of one hundred dollars ($100.00) for each workweek that Defendants failed to provide each Plaintiff with the required wage statements, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, §198;

(3) Pre-judgment interest and post-judgment interest, as provided by law;

(4) Award Plaintiffs the full cost of bringing this action, including attorneys' fees; and

(5) Grant Plaintiffs any further relief the Court deems just and proper.

Dated:  Scarsdale, New York
        March 23, 2016

By: _____
Tejash V. Sanchala (TS 8840)
TEJASH V. SANCHALA ESQ. PLLC
700 White Plains Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 722-2529

Michael Taubenfeld (MT 4640)
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, New York 10279
Tel: (212) 571-0700

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by Lucas Building Company, LLC and/or Kaufman Realty Corp., LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_Henry Aguasvivas_
NAME

_[signature]_
SIGNATURE

_3-22-16_
DATE